## HUGHES *v.* W. ATT.

SHERIFF'S DEED.—To constitute a good and valid deed under an execution sale, there must be a valid judgment, a sufficient execution and levy, advertisement and sale.

A sheriff's deed, though *prima facie* evidence of the facts recited, yet a party may put the recitals in issue and go behind the deed to show their falsity, and where their falsity is shown, being public records, it effects the sufficiency of the deed and all concerned with notice.

HOMESTEAD.—Plea of *homestead* is a good defense to a possessory action, as against title acquired under execution.

*Appeal from Ashley Circuit Court.*

HON. HENRY B. MORSE, Circuit Judge.

*Gallagher, Newton* and *Hempstead,* for appellant.

We submit that where a *fi. fa.* has been levied on particular lands and afterwards a *ven. ex.* is issued, the sheriff can neither levy on or sell any other property than that on which the *fi. fa.* is levied. *Whiting & Clark v. Beebe, 12 Ark. 422; Keith v. Wilson, 3 Metc. (Ky.) 201; Fenno v. Coulter, 14 Ark. 38; Smith v. Hughes, 24 Ill. 270; Holmes v. McIndoe, 20 Wis. 657.* A homestead is not subject to sale under execution. *Gould's Dig. chap. 68, sec. 29.* In ejectment, a party must establish his title from its own strength and not by the weakness of his adversary's. *Cavert v. Irwin, 3 Serg. & R. 283; 10 Johns. 339; 11 Ib.*

*504; 10 Barb. 454; 2 N. H. 35; 34 Ib. 148; 4 Greene (Iowa) 45; Tyler on Ejectment, 72.*

*J. W. Van Gilder*, for appellee.

The answer is intended for an answer at law, and attempts to set up several grounds of defense, none of which are so pleaded as to amount to a defense.

It attempts,· first, to contradict the recitals in the sheriff's deed. This cannot be done at law. *State Bank v. Noland, 13 Ark. 299. Newton v. State Bank, 14 Ark. 13.*

GREGG, J.

The appellee brought his complaint at law in the Ashley circuit court, against the appellant, for the south-east quarter of section 19, township 16 south, range 4 west.

The complaint was in the usual form under the Code.

The appellant appeared and filed an answer containing three paragraphs, setting up, in substance:

*First.* That he has possession, and a right of possession, and denies appellee's title.

*Second.* He avers that a judgment, on a delivery bond, was had against himself and others; that an execution sued out thereon and levied upon the east half of the northeast quarter, and the north-east quarter of the north-west quarter of section 7, township 19, range 6, and returned without sale; that a *ven. ex.* was issued for the sale of said lands; and that upon such *ven. ex.* and without any levy, the sheriff proceeded to sell the said south-east quarter of section 19, township 16, south range 4 west; that the same was bid off by John D. Haynes, the plaintiff in the execution, and afterward by collusion between the sheriff, Haynes and the appellee, the lands were deeded by the sheriff to the appellee, without payment of any consideration; and that the said deed fraudulently recited that the original execution had been levied upon the lands sold, etc.

*Third.* That he is residing upon the land and that it is his homestead.

The appellee demurred to the answer, and the court sustained the demurrer to the second and third paragraphs.

The appellant then answered by, in the language of the record, consolidating the first and second paragraphs. Whereupon the court sustained the demurrer to the entire answer. The appellant rested; final judgment was rendered in favor of the appellee, on his complaint, from which this appeal is prosecuted.

The only question is the sufficiency of the answer.

The whole proceeding is under the Code; no specific form need be followed, nor technical words used, and the language, taken in its common acceptation, it appears to us, the first paragraph showed the right of possession to be in the appellant, and that the appellee did not have title. If so, it certainly was a defense to the action.

The second paragraph sets up that the appellee was attempting to recover upon a sheriff's deed, which was regular upon its face, but which had been executed by collusion, and without consideration; that it recited that the lands in controversy had been duly levied upon, when, in point of fact, other and different lands had been levied upon; and that no levy whatever had been made upon the lands in controversy.

To constitute a good and valid deed, under an execution sale, there must be a valid judgment, a sufficient execution and levy, advertisement and sale; and although our statute, *section 65, chapter 68, Gould's Digest,* provides that a sheriff's deed shall be *prima facie* evidence of the facts recited in it, it by no means follows that a party litigant may not put those facts in issue, and go behind the deed to show their falsity; and if the court show such recitals to be false, it certainly affects the sufficiency of the deed, and such being public records, affect all concerned with notice; hence it becomes the duty of those purchasing to see that the records give authority for making

the sale, and upon these grounds, it appears to us the second plea was good.

The third paragraph or plea avers that the applicant was in the possession of the land, and that it is his homestead. We are of opinion that this plea, in general terms, sufficiently shows that, if true, the land cannot be taken in execution, and is a good defense to a possessory action.

It follows that the judgment of the circuit court was erroneous, and it is reversed, and the cause remanded with instructions to overrule the demurrer and proceed according to law.